Robeson *v.* Robeson.

J. Arthur Robeson, appellant,

| 50  465 |
| 68L 175 |

*v.*

George M. Robeson et al., respondents.

1. In the foreclosure of a mortgage assigned to complainant by the personal representatives of the mortgagee after the mortgage became due, any defence may be made that would have been admissible against the mortgagee, unless the mortgagor has, by his conduct, estopped himself from setting up the defence.

2. And, in case of such estoppel, the party setting it up can avail himself of it only to the extent to which he has parted with value on the strength of it.

On appeal from a decree advised by Vice-Chancellor Pitney.

The bill is filed to foreclose a mortgage given by the defendants to James M. Robeson in 1878. After his death his personal representatives assigned it to the complainant. The defendants by their answer set up a considerable payment to the mortgagee, James M. Robeson, on account of the principal of the mortgage. The vice-chancellor found that allegation to be proven. The complainant, in reply, set up certain facts, upon which he insisted that the defendants were estopped from setting up this defence of payment.

With regard to this answer to the defence of payment, the vice-chancellor said: "Without going into the details of these interviews and letters, it is sufficient for me to say that, in my judgment, if they had all been laid before an outside party who was asked by the administrators of Colonel Robeson to advance the money on this mortgage, I think that such outside party, acting with ordinary prudence, should have hesitated about advancing the money, and should have insisted upon having a more direct and positive admission from General Robeson that the whole amount was due.

"But I do not find it necessary to determine the question whether or not the conduct of General Robeson would be sufficient, under certain circumstances, to estop the defendants from

30

setting up the defence insisted upon. It is entirely clear that, as against the personal representatives of Colonel Robeson, the defence exists. It is also a well established rule that the assignee of a mortgage, taken years after it has become due, takes it subject to all equities existing between the mortgagor and mortgagee, and that the mortgagor can only be deprived of such equity by such conduct on his part as estops him from setting it up against such assignee. It is also quite clear that in order to enable the assignee to take advantage of such estoppel he must be what is called a *bona fide* purchaser without notice; that is, he must have advanced his money or other thing of value upon the strength of the conduct out of which the estoppel arises. It is also well settled that he is only protected by the estoppel to the extent to which he has actually parted with his money or other valuable thing. *Nichols* v. *Campbell, 4 Vr. 81* (at *p. 88*); *Holcomb* v. *Wyckoff, 6 Vr. 39; Ruckelschaus* v. *Oehme, 3 Dick. Ch Rep. 436* (at *p. 442*).

" The complainant in this cause was sworn as a witness and was the last witness sworn, and he entirely fails to state that he paid any money for this mortgage or that he executed any release to the administrators for any share of his father's estate for it, and, in fact, was entirely silent as to what consideration was paid or allowed for it. He merely says that he took it from his father's estate. He does not deny that he was acquainted with the state of the accounts between the parties. He was represented by able and experienced counsel, who could not have overlooked the importance of showing to what extent he had parted with value for this security. Under these circumstances, I think the estoppel entirely fails."

*Mr. George M. Shipman* and *Mr. Henry S. Harris,* for the appellants.

*Mr. James E. Hays* and *Mr. George M. Robeson,* for the respondents.

The opinion of the court was delivered by

VAN SYCKEL, J.

. I agree with the views expressed by the vice-chancellor. *Exhibit C 14,* on page 95 of the printed case, shows that too much interest and excessive commissions have been charged against the respondents. An account should be taken by the master, in accordance with the decree below. The decree below should be affirmed.

*For affirmance* — THE CHIEF-JUSTICE, DEPUE, DIXON, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH—10.

*For reversal*—None.